IN THE IOWA DISTRICT COURT FOR CLINTON COUNTY

| | |
|---|---|
| MICHAEL FURMAN,<br><br>Plaintiff,<br><br>vs.<br><br>GUARDIAN INDUSTRIES, LLC,<br><br>Defendant. | Case No. LACV048846<br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT: GUARDIAN INDUSTRIES, LLC

    You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the Petition is attached to this notice. The attorney for the plaintiff is David Albrecht of Fiedler Law Firm, P.L.C., whose address is 8831 Windsor Parkway, Johnston, Iowa, 50131. His phone number is (515) 254-1999; facsimile number (515) 254-9923.

    You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Clinton County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 563-326-8783. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

CLERK OF COURT
Clinton County Courthouse
Clinton, Iowa

**EXHIBIT A**

# Iowa Judicial Branch

Case No. **LACV048846**
County **Clinton**

Case Title **MICHAEL FURMAN V. GUARDIAN INDUSTRIES, LLC**

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(563) 328-4145**. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **02/09/2023 09:56:53 AM**



*District Clerk of Court or/by Clerk's Designee of* Clinton    *County*
**/s/ Julie Dean**

IN THE IOWA DISTRICT COURT FOR CLINTON COUNTY

| MICHAEL FURMAN, | CASE NO. LACV048846 |
|---|---|
| Plaintiff, | |
| vs. | PETITION and JURY DEMAND |
| GUARDIAN INDUSTRIES, LLC, | |
| Defendant. | |

COMES NOW the Plaintiff Michael Furman, and for his cause of action states as follows:

## INTRODUCTION

1. This is an action challenging Defendant's violations of the Family and Medical Leave Act (FMLA).

2. Plaintiff Michael Furman is a resident of Scott County, Iowa.

3. Defendant Guardian Industries is a Delaware corporation doing business in Clinton County, Iowa.

4. The acts of which Plaintiff complains occurred in Clinton County, Iowa.

## FACTUAL BACKGROUND

5. On July 2, 2016, Defendant hired Plaintiff Michael Furman as a Material Handler/Logistics Specialist.

6. In July 2018, Michael suffered a ruptured groin that required surgery and six weeks' leave under the FMLA.

7. In September 2019, Michael injured his back at work and began missing work due to the pain and post-operative groin pain.

8. On September 23, Defendant suspended Michael for absences caused by his back condition and said he could not return without a note from his doctor.

9. On October 4, Michael submitted a first report of injury through workers' compensation.

10. On October 7, Michael submitted a return-to-work notice from his health care provider indicating Michael could work as tolerated with a 50-pound lifting restriction.

11. Defendant refused to let him return to work, claiming the note was not specific enough about Michael's restrictions.

12. On October 10, Michael submitted an FMLA application and certification.

13. The health care provider certified that Michael suffered from a serious health condition requiring continuing treatment at least twice per year and intermittent leave for episodic flare-ups.

14. Michael was also restricted from lifting more than 50 pounds and from standing and walking more than 6 to 8 hours per day.

15. Michael's provider also referred him to a pain management specialist.

16. The health care provider, Dr. James Earl initially indicated the "probable duration" of Michael's serious health condition was October 7 through November 7, 2019, due to an internal policy of listing a maximum of 30 days on FMLA forms.

17. Defendant nevertheless refused to let Michael return to work until November 12.

18. Even after November 7, Michael continued to miss work occasionally due to his back condition.

19. Rather than designating Michael's leave as FMLA or requesting additional information, Defendant counted Michael's absences as unexcused.

20. On January 12, Michael met with Supervisor Roy Stillwagon and HR employee Melanie Kalyan.

21. Stillwagon and Kalyan suspended Michael due to his absences. They asked what he was going to do to stop missing work due to his back condition and threated to fire him if he continued to need medical leave.

22. On February 7, Michael was in extreme back pain and called in sick. He told Kalyan he was having issues with his back and was trying to follow his doctor's previous restrictions.

23. Kalyan asked Michael about applying for FMLA and gave Michael her contact information to provide his medical documentation.

24. Michael made an appointment with his health care provider for February 12.

25. On Monday, February 10, Stillwagon left Michael a voicemail saying his badge had been deactivated and that Michael could not return to work.

26. After listening to the voicemail, Michael reminded Stillwagon about his upcoming FMLA appointment.

27. Stillwagon never responded.

28. On February 12, 2020, Michael's health care provider submitted another FMLA certification.

29. The health care provider again certified Michael's need for intermittent FMLA.

30. Michael tried reaching out to Kalyan, but she did not respond.

31. On February 14 and 17, Michael contacted HR employee Ginger Pingel. He asked about his FMLA leave and his employment status.

32. Pingel promised that Kalyan would get back to Michael. She never did.

33. Melanie Kalyan was an agent and employee of Defendant, acting at all material times within the scope of her agency and employment.

34. Ginger Pingel was an agent and employee of Defendant, acting at all material times within the scope of her agency and employment.

35. Roy Stillwagon was an agent and employee of Defendant, acting at all material times within the scope of his agency and employment.

## COUNT I
## VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

36. Plaintiff repleads paragraphs 1 through 35 as if fully set forth herein.

37. At all times material to this case, Defendant was an "employer" within the meaning of the FMLA.

38. In 2019 and throughout the rest of his employment, Plaintiff was eligible to take FMLA leave.

39. Plaintiff invoked his right to leave under the FMLA.

40. Defendant interfered with Plaintiff's FMLA rights.

41. Defendant discriminated against Plaintiff for invoking his right to take FMLA leave.

42. Defendant fired Plaintiff because he exercised his rights under the FMLA.

43. Defendant acted willfully by intentionally violated Plaintiff's FMLA rights or, in the alternative, acted with reckless disregard for Plaintiff's rights under the FMLA.

44. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to lost wages and employment benefits.

Wherefore, Plaintiff demands judgment against Defendant Guardian Industries, LLC. in an amount that will fully and fairly compensate him for his injuries and damages, for liquidated damages, for appropriate equitable and injunctive relief, for prejudgment and postjudgment interest, for attorney fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the FMLA.

/s/ *David Albrecht*
FIEDLER LAW FIRM, P.L.C.
David Albrecht AT0012635
David@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
Facsimile: (515) 254-9923
ATTORNEY FOR PLAINTIFF

FEB 2 2 2023

### IN THE IOWA DISTRICT COURT FOR CLINTON COUNTY

| | |
|---|---|
| MICHAEL FURMAN | ) |
| Plaintiff, | ) Case No. LACV048846 |
| v. | ) |
| | ) NOTICE OF APPEARANCE |
| GUARDIAN INDUSTRIES, LLC | ) |
| Defendant. | ) |

PLEASE TAKE NOTICE that Jesse R. Dill of the law firm Ogletree, Deakins, Nash, Smoak & Stewart, P.C. hereby enters his appearance as counsel for the Defendant, Guardian Industries, LLC, in the above-captioned matter.

**DATED:** MARCH 14, 2023.

Respectfully submitted,

By:  /s/ Jesse R. Dill
       One of the Attorneys for
       Guardian Industries, LLC

Jesse R. Dill (AT0014080)
**OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.**
1243 N. 10th Street, Suite 200
Milwaukee, WI 53205
Telephone: 414.239.6410
Facsimile:  414.755.8289
*Jesse.dill@ogletree.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 14, 2023 the foregoing *Notice of Appearance* was filed electronically with the Clerk of District Court using the ECF system, and sent by U.S. First Class mail and e-mail to the following individual:

David Albrecht
FIEDLER LAW FIRM, P.L.C.
8831 Windsor Parkway
Johnston, IA 50131
*david@employmentlawiowa.com*
Attorney for Plaintiff

/s/ Jesse R. Dill
One of the Attorneys for
GUARDIAN INDUSTRIES, LLC

55495643.v1-OGLETREE